IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

YELENA KUNIN,                          )
                                       )
                    Plaintiff,         )     Case No.   20 C 4829
                                       )
        v.                             )
                                       )     Judge Robert W. Gettleman
LANG LAW, LTD.,                        )
                                       )
                    Defendant.         )

## MEMORANDUM OPINION AND ORDER

Plaintiff Yelena Kunin has sued defendant Lang Law, LLP for violating the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et.seq., by filing a state court lawsuit against her seeking possession of a boat that her husband purchased shortly before his death.   Defendant has moved to dismiss under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.   For the reasons described below, the motion is granted.

## BACKGROUND

On July 19, 2019, plaintiff's husband, Boris Kunin, executed a Retail Installment Contract and Security Agreement (the "Loan Agreement") to purchase a boat.   Plaintiff is not a party to the Loan Agreement, and claims not to have been aware of the purchase and never used or had possession of the boat.   The seller immediately assigned the Loan Agreement to Landmark Credit Union.   The Loan Agreement gave Landmark a security interest in the boat until it received all of the installment payments due.

Shortly after executing the Loan Agreement, Boris took possession of the boat and moored it at a marina in Antioch, Illinois.   Boris died unexpectedly on August 14, 2019, before

ever having an opportunity to use the boat. Boris died intestate, no estate has been opened, and no executor has been named.

On February 19, 2020, defendant filed an action in the Circuit Court of Lake County, Illinois, on behalf of Landmark, naming plaintiff and the "Estate of Boris Kunin" as defendants. The complaint asserts five causes of action: Replevin (Count I); Detinue (Count II); Breach of Contract (Count III); Conversion (Count IV); and Unjust Enrichment (Count V). Plaintiff is named as a defendant in all counts except Count III for breach of contract. The complaint alleges that plaintiff has refused to either make the required payments or relinquish possession of the boat.

After being served with the complaint, plaintiff retained an attorney. She claims in the instant case that her attorney contacted defendant (through Andrea Lang, defendant's principal) and advised that plaintiff had no contractual liability for the loan, never had possession of the boat, was not the representative of the estate, had no intention of keeping the boat, and would cooperate with defendant. Plaintiff's counsel then asked that plaintiff be dismissed from the state court suit. Lang refused, replying in an email that she often goes after widows in this situation , stating "I get judgments as I have proof of our demand, proof the person didn't surrender it, proof they have a superior interest in the collateral and proof of depreciation." Plaintiff claims in the instant case that neither defendant nor Landmark ever made any demand that she surrender possession of the boat and that both defendant and Landmark knew where the boat was located but took no action to recover it.

The instant complaint was filed on August 18, 2020. Two weeks later, on September 1, 2020, the state court issued an order of replevin against plaintiff. In that order, the estate was dismissed from the state court action.

## DISCUSSION

Defendant has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The purpose of such a motion is to test the sufficiency of the complaint, not to judge the merits of the case. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering the motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in plaintiff's favor. McMillan v. Collection Professionals Inc., 455 F.3d 754, 758 (7th Cir. 2006). The complaint must plead sufficient facts to plausibly suggest that plaintiff has a right to relief and raise that possibility above the "speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). "Debt" is defined as an obligation or alleged obligation of a consumer to pay money arising out of a transaction in which money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes . . .." 15 U.S.C. § 1692a (5).

A "debt collector" is defined as "any person . . . in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect directly or indirectly, debts." 15 U.S.C. § 1692a (6). For purpose of § 1692f (6) only, the term debt collector also includes any person . . . in any business the principal purpose of which is the enforcement of security interests. Id.

3

Plaintiff alleges that by filing the state court complaint defendant violated §§ 1692e (2) and (10), by making false representations as to the character of the debt and by using false representations or deceptive means to collect a debt. She also alleges a violation of § 1692e (5) by threatening to take any action that cannot be legally taken or is not intended to be taken. Defendant argues that its action in filing the state court complaint was to enforce Landmark's security interest and was not taken in connection with the collection of any debt. The court agrees with defendant.

In <u>Obduskey v. McCarthy & Holthus LLP</u>, ___ U.S. ___ , 139 S.Ct. 1029 (2019), the Court interpreted the two-part definition of debt collector, concluding that the first part ("any person in any business the principal purpose of which is the collection of any debts) does not include persons in any business the principal purpose of which is the enforcement of security interests. Those persons are considered debt collectors only for purposes of § 1692f(6). <u>Id.</u> at 1033. In <u>Obduskey</u>, the petitioner sued a law firm that was hired to carry out a nonjudicial foreclosure of real property under Colorado law. The court first concluded that even though a nonjudicial foreclosure does not seek payment of money from the debtor but rather from the sale of the property, the first part of the definition of debt collector includes both direct and indirect collection. <u>Id.</u> at 1036-37. The Court nonetheless concluded that to give meaning to the second part of the definition required a conclusion that "one who does no more than enforce security interests does not fall within the general definition." <u>Id.</u> at 1037. "These considerations convince us that, but for § 1692f(6), those who engage in only nonjudicial foreclosure proceedings are not debt collectors within the meaning of the Act." <u>Id.</u>

4

Defendant argues that the reasoning of Obduskey should apply in the instant case. Although plaintiff fails to address Obduskey in her brief, the court notes that Obduskey's holding was limited to nonjudicial proceedings. "And whether those who judicially enforce mortgages fall within the scope of the primary definition is a question we can leave for another day." Id. at 1039. The reason is obvious. In judicial foreclosures a deficiency judgment against the debtor is available. But, the Court noted that the Act "nowhere says that an entity is a debt collector because it brings [an action respecting real property]." Id. (emphasis in original).

In the instant case, defendant did not and could not seek a deficiency judgment against plaintiff. It sought return of the collateral, or its value, regardless of what was due on the loan. The only count in the state court action that sought to collect the loan was brought against the estate, which is not a party to the instant case. Consequently, the court concludes that defendant was not acting to collect a debt and thus not a debt collector under the Act. Defendant's motion to dismiss is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss [Doc. 14] is granted.

**ENTER:**

Date: January 11, 2021

**Robert W. Gettleman**
**United States District Judge**